

U.S. Department of Justice

United States Attorney
Eastern District of New York

JD:EEA
2014R00375

271 Cadman Plaza East
Brooklyn, New York 11201

October 28, 2016

<u>By Hand and ECF</u>

The Honorable Margo K. Brodie
United States District Court Judge
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Jeffrey Rodriguez</u>
              <u>Criminal Docket No. 14-148 (MKB)</u>

Dear Judge Brodie:

        The government writes in response to the defendant Jeffrey Rodriguez's letter dated September 12, 2016, requesting early termination of his supervised release term. In his letter, the defendant seeks early termination based on his conduct since Judge Gleeson sentenced him in April 2015 to time served to be followed by a term of five years of supervised release. Specifically, the defendant cites his continued employment, completion of 300 hours of community service, and avoidance of new criminal conduct as grounds for early termination. For the reasons set forth below, the government opposes the defendant's request.

        Pursuant to 18 U.S.C. § 3583(e), after considering the factors set forth in 18 U.S.C. § 3553(a), a district court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and [in] the interest of justice." 18 U.S.C. § 3583(e)(1). However, such termination "is not warranted "as a matter of course." <u>United States v. Bastien</u>, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015), appeal dismissed (Sept. 30, 2015). Rather, eligibility turns on an individualized assessment, and "a defendant must establish that the termination 'is warranted by' (1) 'the conduct of the defendant' and (2) 'the interest of justice.'" <u>United States v. Key</u>, 602 F.3d 492, 494 (2d Cir. 2010). As the Second Circuit has observed, "[o]ccasionally, changed circumstances—for instance, exceptionally good behavior by the defendant . . .—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the

general punishment goals of section 3553(a)." United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).

As detailed in the defendant's Pre-Sentence Investigation Report ("PSR"), the defendant was a member of an active, and at times violent, organization that posed as law enforcement in order to rob drug dealers. See PSR ¶¶ 5-15. On March 25, 2014, the defendant pleaded guilty to one count of interference with commerce by threats or violence for his role in a conspiracy to rob drug dealers in Queens, New York, in violation of Title 18, United States Code, Section 1951(a). Id. at ¶¶ 1-2. On March 25, 2014, the defendant also pleaded guilty to conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin, five kilograms of cocaine, and marijuana, in violation of Title 21, United States Code, Sections 846, 841(a), 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), and 841(b)(1)(D). Id. at ¶¶ 1, 3. On at least eight separate occasions in 2007, the defendant served as the lookout and getaway driver in the robberies of drug dealers, the proceeds of which totaled four kilograms of heroin, 14 kilograms of cocaine, and 12 pounds of marijuana. Id. at ¶¶ 5-15. The defendant also served as a conduit for drugs stolen during two of these robberies, including heroin he later resold for a total of $20,000 across several transactions. Id. at ¶¶ 8, 10. The robbery conspiracy of which the defendant was a part was also responsible for kidnapping and torturing a heroin trafficker using an iron. Id. at ¶ 11.

On April 1, 2015, the defendant was sentenced by Judge Gleeson to time served followed by five years' supervised release. See Docket Entry No. 28. The defendant now seeks early termination of his supervised release term based on his continued employment, community service and completion of a barber training course. The defendant also highlights his avoidance of other criminal activity. The Probation Department in the Middle District of Florida is charged with supervising the defendant and has informed the government that the defendant appears to be adjusting well to supervision and has maintained both a stable residence and employment during the course of supervision. However, the Probation Department does not recommend early termination at this time, due to the severity of the defendant's conduct and the minimal amount of time – less than 17 months – during which the defendant has been on supervision.

The government submits that the defendant's post-release conduct does not constitute "exceptionally good behavior" warranting a termination of supervision. See Lussier, 104 F.3d at 36. While the defendant highlights his compliance with the terms of his supervised release, "[f]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." Bastien, 111 F. Supp. 3d at 321 (citations and internal quotation marks omitted). Given the defendant's conduct in connection with the underlying offense, continued supervision remains appropriate in this case and serves the general punishment goals of section 3553(a).

        Accordingly, the government respectfully opposes the defendant's request for early termination of his supervised release term.

                                                      Respectfully submitted,

                                                      ROBERT L. CAPERS
                                                      United States Attorney

                            By:      /s/ Erin E. Argo
                                                        Erin E. Argo
                                                      Assistant U.S. Attorney
                                                      (718) 254-6049

cc: Jeffrey Rodriguez, pro se (by certified mail)